IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ANTHONY DILLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-cv-00353 |
| v. ) | Jury Demand |
| ) | Judge Trauger |
| WAL-MART OF ASHLAND CITY, ) | |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

**A.  JURISDICTION:**  This court has jurisdiction pursuant to the Tennessee Handicap Act ["THA"], which is codified at TCA § 8-50-103 and the Family and Medical Leave Act ["FMLA"], which is codified at 29 USC § 2601 *et seq.*

**B.  BRIEF THEORIES OF THE PARTIES:**

**1.  PLAINTIFF:**  Plaintiff began his employment with the Defendant on or about July 18, 2007.  He was wrongfully terminated on February 19, 2010.  His position was that of a Department Manager with his responsibilities being over pets, chemical and paper goods.  At all times pertinent he was an excellent employee.  Further, Plaintiff was eligible for leave pursuant to the FMLA.  During the course of his employment, Plaintiff suffered a bulging disk in his back which caused him to have to take leave under the FMLA from January 1, 2010 to January 18, 2010.  The Defendant sent the proper paperwork to be completed to Plaintiff's primary care physician, James Baldwin, M.D.  This was completed and Plaintiff was approved for leave for that period of time.  Dr. Baldwin set restrictions for Plaintiff of no lifting over 45 pounds.  The Defendant stated that Plaintiff could not come back to work with those restrictions.

Plaintiff's primary care physician referred Plaintiff to an Orthopedic surgeon, Dr. Michael Schlosser, M.D. who examined Plaintiff. Dr. Schlosser prescribed six weeks of physical therapy treatment for Plaintiff. Plaintiff was released to work on March 4, 2010, without restrictions. On January 18, 2010, Plaintiff tried to get Defendant's personnel department to send the proper FMLA paperwork to Dr. Schlosser to be completed so he could, again, be off work with leave pursuant to the FMLA. In fact, Plaintiff attempted three different times to have this paperwork forwarded to his physician. This paperwork was never provided. Plaintiff's physician even called the Defendant himself saying he never received the paper work.

The actions of the Defendant amount to a violation of Plaintiff's rights under the FMLA in that they interfered and obstructed said rights. This interference was intentional and with reckless disregard for Plaintiff's rights. Further, Plaintiff would allege that he was fired because he was disabled or perceived as being disabled under the Tennessee Handicap Act. At all time pertinent, Plaintiff met the definition of handicapped under said Act and was a qualified individual under said Act.

**2. DEFENDANT:** Plaintiff began his employment with Defendant on or about July 18, 2007. He requested and was approved for FMLA leave from January 1, 2010, through January 21, 2010, due to problems with his back. Dr. Baldwin filled out a Certification Form requesting leave for that period.

On or about January 21, 2010, Plaintiff or Plaintiff's girlfriend asked Defendant's personnel department to send FMLA paperwork to his doctor, and the personnel department complied with Plaintiff's request. However, Defendant did not receive any additional Certification Forms from Plaintiff's doctor requesting an extension of his FMLA leave.

Defendant also has no record of Plaintiff's physician contacting them about the extension paperwork.

Store Manager Cynthia McMurtry sent Plaintiff a letter dated February 1, 2010 informing him that his FMLA leave had expired on January 21, 2010, and that a new medical certification had been faxed to his doctor but they had not received any extension paperwork. McMurtry requested that Plaintiff contact store management as soon as he received the letter to discuss the status of his leave. This letter was sent to Plaintiff via certified mail. He signed for the receipt of this letter on February 9, 2010.

Plaintiff never called into management or returned the paperwork needed to extend his FMLA leave. For this reason, he was properly terminated on February 19, 2010. At the time of his termination, Plaintiff held the position of Department Manager. Both Plaintiff's Separation Notice and Exit Interview indicate that he was terminated for "failure to return from LOA." His Exit Interview specifically notes, "Tony was sent a certified letter and accepted the letter on 02/09/2010. He was due back from LOA on 01/21/2010. He was faxed a second set of LOA papers, and never returned them to Human Resources."

Defendant denies that it took any action against Plaintiff in violation of the THA. Defendant terminated Plaintiff's employment based on a legitimate, non-discriminatory business reason – he failed to return from his FMLA leave. Plaintiff's alleged disability was neither a determining nor motivating factor in Defendant's decision to terminate Plaintiff's employment, nor did Defendant perceive him as being disabled under the THA. Defendant has no knowledge of Plaintiff's alleged lifting restrictions, and denies that he submitted any medical documentation to Defendant indicating that he had such a restriction. Moreover, Defendant denies that Plaintiff meets the definition of handicapped under the THA, or is a qualified individual with a disability.

**C.     ISSUES RESOLVED:** Jurisdiction and venue.

**D.     ISSUES STILL IN DISPUTE:** Liability and damages.

**E.     INITIAL DISCLOSURES:** Pursuant to Federal Rule of Civil Procedure 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference. Therefore, the deadline is July 5, 2010.

**F.     DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before December 31, 2010. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G.     MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before August 31, 2010.

**H.     DISCLOSURE OF EXPERTS:** The Plaintiff will not be using an expert witness.

**I.     DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses, if any, on or before January 31, 2011.

**J.     DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before February 28, 2011. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall

first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**K. ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately 2-3 days.

**L. JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before September 30, 2010.

**M. ELECTRONIC DISCOVERY:** The parties do not anticipate that electronic discovery will be necessary in this case and have agreed to reach an agreement on how to conduct same if it turns out that electronic discovery becomes necessary. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**It is so ORDERED.**

Date: 6/28/10

_____
**ALETA A. TRAUGER**
**UNITED STATES DISTRICT JUDGE**

5
Case 3:10-cv-00353   Document 15   Filed 06/28/10   Page 5 of 5 PageID #: 55